IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARK MOHAN )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>AETNA LIFE INSURANCE COMPANY )<br>    Defendant. )<br>_____ ) | CASE NO.:<br>3:18-cv-01674-AWT |

# COMPLAINT

## JURISDICTION

1. This action is brought pursuant to the Employee Retirement and Income Security Act, 29 U.S.C. 1001 §et seq. (hereinafter, "ERISA").

2. Jurisdiction of this action is conferred by the existence of a controversy arising under ERISA, 29 U.S.C. Sec. 1132, 28 U.S.C. § 1343(4) and 29 U.S.C. §§ 216(b), 626(c) (1) and the existence of a controversy arising under the laws of the United States, 28 U.S.C. 1331.

3. Venue is proper in this district pursuant to 29 U.S.C. Sec. 1132(e)(2) as Defendant The Aetna Insurance Company of America resides and does business in the State of Connecticut.

## PARTIES

4. Plaintiff Mark Mohan (hereinafter, "Plaintiff") is a resident of the Town of West Haven, State of Connecticut.

5. The UBS Long-Term Disability Plan (the "Plan") is a welfare benefit plan under ERISA.

1

6. Defendant Aetna Insurance Company of America ("Aetna") acts as the Plan Fiduciary under federal law for the review of claims for benefits provided by the plan and for deciding appeals of denied claims and is a corporation with its principal place of business in the City of Hartford, County of Harford and State of Connecticut, and transacts business in the State of Connecticut.

7. Aetna insures and underwrites the Plan under Group Contract No. GP-062399.

8. Plaintiff is a participant in the Plan, within the meaning of ERISA §3(7), 29 U.S.C. § 1002(7), and has standing to bring this action under ERISA §502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B).

**CLAIMS**

9. Plaintiff was employed by UBS Financial Services since September of 2011. Plaintiff had been successful in his financial advisor position, earning $300,000 in the year prior to his disability. The position was cognitively demanding, involving complex analysis of clients' financial positions, selling complex financial products. He dealt with high net worth individuals that required high levels of service and sophistication.

10. In 2011, Plaintiff was involved in a motor vehicle accident injuring his spine and requiring a L5-S1 discectomy.

11. While Plaintiff initially largely recovered from the accident and operation, in spring of 2015 his back pain worsened. Due to the pain, he was no longer able to meet the cognitive and physical demands of the position.

12. In June 2016, with the support and on the recommendation of his treating physicians, Plaintiff stopped working and applied for benefits under the short-term disability plan maintained by his employer and administered by Aetna, which found him to be disabled and approved his claim.

13. On October 28, 2016, Aetna approved Plaintiff's claim for long-term disability benefits under the Plan.

14. On October 20, 2017, Aetna informed Plaintiff it was discontinuing his benefits.

15. Through counsel, Plaintiff filed an appeal of the denial with the Plan on March 89, 2018.

16. On May 29, 2018, Aetna informed Plaintiff's counsel that it had denied the appeal and upheld the benefit denial, and that the decision was final and no further appeals were permitted.

17. The denial of the claim was arbitrary and capricious because it ignored the substantial and objective proof that Plaintiff could no longer perform the cognitive and physical demands of his position as a financial advisor. That the decision was arbitrary and capricious is demonstrated by the following:

   a. Aetna claimed that covert surveillance of Plaintiff demonstrated that he had greater vocational capacity than he claimed even though the surveillance was consistent with the physical impairments he claimed and on which Aetna had originally approved benefits;

   b. It failed to give appropriate weight, and did not adequately distinguish, the opinions of his treating physicians that he was disabled from his position;

   c. It failed to consider the strong evidence of Plaintiff's impairments and the seriousness of his back condition reflected in his medical records

    d. It based its initial denial and the denial of the appeal on medical opinions made by nurses and medical professionals who did not examine Plaintiff and made only perfunctory efforts to discuss their disagreements regarding Plaintiff's vocational capacity with Plaintiffs' treating physicians.

18. Plaintiff is entitled to receive benefits from the date of denial to age sixty-seven, or until he is no longer disabled.

19. Aetna both funds and administers the Plan.

20. Plaintiff is, and has since October 28, 2016 has been, disabled as defined in the Plan.

21. Plaintiff exhausted all administrative remedies provided in the Plan for its denial of benefits.

22. The Court should apply a modified arbitrary and capricious standard since Aetna is liable for payment of any benefits, was the entity responsible for deciding benefit claims and appeals and handled the claim in a manner that demonstrates that the conflict of interest affected Aetna's review of the claim.

## COUNT I
**(Enforcement of Plan Terms)**

23. Plaintiff realleges each of the paragraphs above as if fully set forth herein.

24. The Plan is a contract.

25. Plaintiff performed all of his obligations under the Plan.

26. ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) provides that a participant may bring a civil action to recover benefits due under the Plan.

27. Aetna's denial of benefits was arbitrary and capricious.

28. Aetna has breached the terms of the Plan by failing to pay plaintiff the benefits to which

he is entitled.

29. Plaintiff was damaged by the Plan's denial of benefits.

30. Plaintiff is entitled to be paid benefits under the Plan from October 28, 2016, and continuing into the present under such time as she reaches age 67 or is no longer disabled.

31. Plaintiff has been damaged by Aetna's breach of contract.

32. Pursuant to ERISA §502(a) (1) (B), 29 U.S.C. §1132(a) (1) (B), Plaintiff hereby makes a claim for benefits under the Plan.

## COUNT II
**(Claim for Attorneys' Fees)**

33. Plaintiff realleges each of the paragraphs above as if fully set forth herein.

34. Plaintiff is entitled to recover "a reasonable attorney's fee and costs of the action" incurred in connection with this action pursuant to ERISA §502(g)(1), 29 U.S.C. § 1132(g).

35. Aetna has the ability to satisfy the award.

36. Plaintiff has served the interests of all participants in the Plan by bringing this action to deter Aetna from denying benefits wrongfully and in bad faith.

37. The award of attorneys' fees to plaintiff will deter Aetna and others from similarly denying claims wrongfully and in bad faith.

## PRAYER FOR RELIEF

Plaintiff hereby seeks the following relief from this court:

    a.    An order that plaintiff is entitled to receive benefits pursuant to the Plan.

    b.    An order compelling defendant to pay all benefits accrued under the Plan to the date of any judgment.

    c.    An order that Aetna make restitution to plaintiff in the amount of any losses sustained by plaintiff in consequence of the conduct alleged herein.

    d.    An award of prejudgment interest.

    e.    Reasonable attorneys' fees and costs incurred in bringing this action.

    f.    Such other and further relief as the Court deems proper.

Respectfully submitted,

PLAINTIFF
MARK MOHAN


By:    */s/ Bruce D. Jacobs*
       Bruce D. Jacobs
       Federal Bar No. ct12191
       Jacobs & Jacobs, LLC
       700 State Street; 3rd Floor
       New Haven, CT 06511
       Ph: 203-777-2300
       Fax: 203-773-8075
       bjacobs@jacobs-jacobs.com


       Date: February 11, 2019

## CERTIFICATION OF SERVICE

     I hereby certify that on     February 11, 2019     , a copy of the foregoing Complaint was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                          By:     */s/ Bruce D. Jacobs*
                                 Bruce D. Jacobs
                                 Federal Bar No. ct12191
                                 Jacobs & Jacobs, LLC
                                 700 State Street; 3rd Floor
                                 New Haven, CT 06511
                                 Ph:  203-777-2300
                                 Fax: 203-773-8075
                                 bjacobs@jacobs-jacobs.com

                                 Date: February 11, 2019